UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Stephan Nicholas Holmes,            Case No. 22-cv-2985 (JWB/DJF)

       Plaintiff,

v.                                                **ORDER**

Reed Newkirk et al.,

       Defendants.

---

This matter is before the Court on Plaintiff Stephan Nicolas Holmes' Motion to Appoint Counsel ("Motion to Appoint") (ECF No. 72). Mr. Holmes seeks appointment of counsel, in either a full or a limited capacity, to help with conducting depositions and obtaining a medical expert, if needed (*id* at 1). The Court previously referred Mr. Holmes to the Federal Bar Association Pro Se Project (ECF No. 20), which provided Mr. Holmes the opportunity to consult with a volunteer attorney on his case. That consultancy ended in May of 2023. Mr. Holmes argues he is now entitled to the appointment of counsel because: (1) this case is factually and legally complex; (2) he has been moved to a medical facility that will make it difficult for him to go through the internal approval process to be able to conduct depositions; and (3) conducting depositions, applying the rules of evidence, and making an opening statement at trial are beyond the scope of his capabilities (*id.* at 2).

There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, appointment of counsel is a matter of the court's discretion. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982). Factors to consider in deciding whether to appoint counsel include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3)

1

the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

The Court recognizes Mr. Holmes' strong desire for legal assistance, but it cannot conclude that litigating this action will be so factually or legally complex, or that Mr. Holmes is so lacking in his ability to investigate the facts or present his arguments to the Court, that counsel should be formally appointed. Moreover, appointment of counsel will not entitle Mr. Holmes to pro bono medical expertise, such that any appointment is highly unlikely to mitigate that particular concern. And though Mr. Holmes states it will be "difficult" to arrange depositions at his new facility, he does not indicate why, state that depositions will not be possible to arrange, or represent that permission to conduct depositions actually has been denied. Finally, Mr. Holmes' lack of understanding of the legal system, alone, is also insufficient to warrant appointment of counsel, since these facts do not distinguish his case from the myriad of other claims brought by pro se litigants. Moreover, while conflicting testimony may emerge later on, this factor does not currently outweigh the others. The Court denies the appointment of counsel for these reasons.

Although the Court denies Mr. Holmes appointment of counsel, it will again refer him to the FBA Pro Se Project for possible additional assistance from volunteer counsel. The Court will refer Mr. Holmes to the Pro Se Project by a separate letter.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Mr. Holmes' Motion to Appoint Counsel (ECF No. [72]) is **DENIED**; and
2. The Court will refer Mr. Holmes to the FBA Pro Se Project by a separate letter.

3

Dated: July 23, 2024						*s/ Dulce J. Foster*
								Dulce J. Foster
								United States Magistrate Judge